IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS ROBERTO MERCADO  *
                        *
                        *
v.                      *    Civil Action No. WMN-10-3467
                        *
                        *
NORTH STAR FOUNDATIONS, INC.  *
                        *
                        *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees. ECF No. 7.  The motion is fully briefed.  Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted in part.

Plaintiff brings this action under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201 et seq., (FLSA) and two similar state statutes on his own behalf and on behalf of other similarly situated employees and former employees of Defendant North Star Foundations, Inc.  Defendant is in the business of installing concrete foundations for residential and commercial projects in Maryland, Pennsylvania, Virginia, and West Virginia.  Plaintiff was employed by

Defendant from September 2001 through November 20, 2010, as a laborer and as a working foreman.

Plaintiff alleges that he was required to perform certain tasks before arriving at the worksite and other tasks after leaving the worksite that added about three to five hours to each workday. He asserts that Defendant refused to compensate him for these overtime hours. He further alleges that there are more than 150 of Defendant's present and former employees who are required to perform similar tasks and who are not being compensated for those hours as required by law. In the instant motion, Plaintiff seeks the Court's assistance in facilitating notice of the pendency of this suit to these employees.

Plaintiffs' motion for court facilitated notice is filed pursuant to 29 U.S.C. § 216(b) which establishes an "opt-in" scheme whereby potential plaintiffs must affirmatively notify the court of their intention to become a party to an FLSA suit. The section provides that, "an action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." "A collective action affords plaintiffs 'the advantage of lower individual costs to vindicate rights by the pooling of resources.' Furthermore, 'the judicial system benefits by

efficient resolution in one proceeding of common issues of law and fact.'" Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000) (quoting Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989)) (internal citation omitted).

Courts have recognized that the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties." Hoffman-La Roche, Inc., 493 U.S. at 170. Under § 216(b), "district courts have discretion, in appropriate cases, to . . . facilitate notice to potential plaintiffs." Id. at 169.

For most courts, the determination as to whether to facilitate notice and permit an action to proceed as a collective action involves a two-stage process. As this Court recently explained,

> In the first stage, sometimes referred to as the "notice stage," the court makes a threshold determination of "whether the plaintiffs have demonstrated that potential class members are 'similarly situated,'" such that court-facilitated notice to the putative class members would be appropriate. Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 519 (D. Md. 2000). In the second stage,

>following the conclusion of discovery, "the court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated' in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action." Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007). This second stage, which typically begins when the defendant files a motion for decertification, is sometimes referred to as the "decertification stage." See id.

Syrja v. Westat, Inc., Civ. No. PJM-10-1956, -- F. Supp. 2d --, 1956 WL 95230 (D. Md. Nov. 2, 2010). At this first stage, a plaintiff "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234 (N.D.N.Y. 2002).

To make this modest showing, Plaintiff has submitted an affidavit as well as a supplemental affidavit. Plaintiff states that "Defendant (specifically Defendant's manager Keith Cockerman, the brother of Defendant's owner Nicholas Cockerman) provided [Plaintiff] Defendant's company truck and specifically directed and required [Plaintiff] to (1) pick up Defendant's other employees from their homes; (2) drive to Defendant's shop to pick up work materials; and then (3) to drive from Defendant's shop to the work [s]ite (which often would be in a state other than Maryland)." Pl.'s 2d Aff. ¶ 4. He also

4

alleges that, after performing his duties on the work site, Defendant required him to return work materials from the work site to Defendant's shop and then drive Defendant's other employees from the shop to their respective homes. Id. ¶ 5. Plaintiff avers that he was not paid for the three to five additional hours that these duties entailed each day. Id. ¶ 6.

Plaintiff also avers that, based upon his personal knowledge, Defendant directed others "to pick up and drop off employees from their homes and drop them off at Defendant's shop and work [s]ites in Maryland and different surrounding states." Id. ¶ 7. Plaintiff further asserts that Defendant "directed about twenty (20) different groups of employees to drive to different [s]ites to perform work duties. I have knowledge that Defendant did not pay these employees (including drivers like me) for these travel hours." Id.

The Court finds that Plaintiff's affidavits satisfy his modest burden, but only as to those employees who were furnished company vehicles and were required to pick up employees and materials and transport them to and from Defendant's shop and job sites. All of Plaintiff's allegations of similarity relate to the duties of drivers, not their passenger employees. A determination to extend notification to all of those who were

5

simply provided rides would be overboard, at least on the current record.

In arguing against notification to any class, Defendant relies primarily on three cases: Syrja, supra; Purdham v. Fairfax County Pub. Schs., 629 F. Supp. 2d 544 (E.D. Va. 2009); and D'Anna v. M/A-Com, Inc., 903 F. Supp. 889 (D. Md. 1995). The facts in each of those cases is clearly distinguishable from the facts in the instant action, and those distinctions highlight why conditional certification, albeit in a form more limited than that requested by Plaintiff, is appropriate here. In Syrja, the plaintiff and proposed class members were employed as "field interviewers" to visit households to collect health and medical data. Interviewers worked their own schedules, were assigned different numbers of households to visit, and worked "across multiple geographic locations throughout the country, over different time periods, in offices run by different managers." 1956 WL 95230 at *5. In denying conditional class certification, the court specifically noted that there was no suggestion that the employer maintained any uniform national policy of denying appropriate compensation for overtime hours. Id. at *4

In Purdham, plaintiffs and proposed class members were public school employees who, in addition to their regular job

duties for the school system, performed security, athletic coaching, after school monitoring, and ticket-taking at athletic events. In finding conditional certification inappropriate, the court noted that each individual school in the county system exercised substantial discretion as to how those who provided these services were compensated. 629 F. Supp. 2d at 549. The number of hours different coaches worked varied widely between sports and between coaches at different schools within the same sports. Id. Notably, the amount paid to coaches and ticket-takers was determined locally, within each individual school. Id.

D'Anna was an age discrimination suit in which this Court found that the plaintiff's allegations of class-wide age discrimination were both "broad and vague." 903 F. Supp. at 894. The plaintiff merely alleged that he was terminated because of his age, other employees over the age of forty were also terminated, and that his employer intended to discriminate on the basis of age. Id. at 894. The plaintiff supported these allegations with only the admission of his employer that four employees over the age of forty were terminated and a list of seven older employees who were terminated. Id. In denying conditional class certification, the Court noted "[t]he

plaintiff has not pointed to any company plan or policy to target older employees for termination." Id.

Here, in contrast to those decisions, we have an alleged uniform company policy implemented by a single manager. If the class is limited to drivers of company vehicles, the discrete tasks for which overtime compensation is allegedly owed are identical. Concluding that Plaintiff has sufficiently established that this class of present and former employees is "similarly situated" to Plaintiff, the Court will order the relief requested.

Accordingly, the Court will order Defendant to produce to Plaintiff's counsel, within fifteen (15) days, a list of the full name, last known residential address, residential and cell phone numbers, work address, work phone number, date of birth, and e-mail address of each and every individual who was employed by Defendant as a laborer or working foreman and who was permitted the use of a company vehicle to transport employees and materials at any time from December 1, 2007 to the present. Furthermore, the Court will approve the "Notice" form attached to Plaintiff's motion (as modified to limit its language to those who were issued company vehicles) for use in notifying the group of potential plaintiffs. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: April 21, 2011.